Mubdock,
dissenting: I think the substance of this transaction was an exchange within the meaning of section 112 (b) (5) of the Revenue Act of 1934. Cf. Gulf Oil Corporation v. Lewellyn, 248 U. S. 71; United States v. Mellon, 281 Fed. 645. Gunby desired to transfer his securities to the corporation and ■ to receive its stock. He tried to give the transaction the semblance of a sale so that it might appear to comply with a law of Maryland. He gave his check for $450,000 to the corporation as if he was subscribing for the preferred stock. But, as a matter of fact, he had only $17,000.10 in the bank at that time. Then the corporation gave Gunby its check for $440,827.86, as if it were buying the securities from him. But it had to see that both checks were deposited at the same time because it had only $3,861.08 in the bank. Those transactions were disingenuous and did not make a sale out of what otherwise would have been an exchange. The State of Maryland is the one to complain if any fraud was practiced in avoiding its laws. Our function is to decide whether upon this state of facts there was an exchange within the meaning of section 112 (b) (5). If the Commissioner were contending in this case that the transaction was an exchange, and not a sale, I believe the form would be disregarded and the substance adopted. The prevailing opinion seems to put undue emphasis upon the fact that the petitioner seeks the benefit of an exchange. Our decision should be the same, no matter which party is to benefit.
Smith, Leech, Disney, and EeRN agree with this dissent.